UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:10CV1538 RWS |
| v. | ) | |
| | ) | |
| ROBERT E. GRUNDMEYER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff National Casualty seeks a declaratory judgment that its insurance policy issued to Defendant Robert E. Grundmeyer, d/b/a Bob's Disposal, does not provide coverage for a judgment entered in state court. The facts of this litigation are fully set out in my order issued on this same date in a companion case, <u>Dobbs v. National Casualty, et al.</u>, 4:10CV1731 RWS, which National Casualty removed to this Court.[1]

In summary, employees of Bob's Disposal, Defendants Joseph Frank and Christopher Dobbs, were driving in a trash truck in the course of their employment. National Casualty provided insurance on the vehicle. Frank, the driver of the truck, was involved in an accident which cause injuries to Dobbs. Dobbs sued Frank in state court and received a consent judgment in the amount of $495,000. Any recovery of the judgment was limited to policies of insurance covering Frank, including the policy issued by National Casualty.

Two days before that judgment was entered, National Casualty filed the present declaratory judgment action seeking a ruling that its policy does not provide coverage for the

---

[1] My order in that case remanded that action to the Circuit Court for the City of St. Louis, Missouri.

judgment.  On the same date Dobbs' filed an equitable garnishment action under § 379.200 R.S.Mo. in the Circuit Court for the City of St. Louis, Missouri, in Case No. 1022-CC10592.  In that case Dobbs seeks to collect the $495,000 consent judgment under the policy issued by National Casualty.

The sole and identical issue to be resolved in the present action and in Dobbs' state court action is the question of whether the judgment obtained by Dobbs should be satisfied from the policy issued to Bob's Disposal by National Casualty.

Dobbs has filed a motion to dismiss or stay this declaratory judgment action in deference to his state court action (which has been remanded).  National Casualty opposes the motion.

A federal court has discretion in determining whether to abstain from hearing a declaratory action.  Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995).  The Supreme Court stated that "'[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"  Id. at 282 (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)).

In deciding whether to stay the federal action a court should consider "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'"  Id.  A court should also examine "the scope of the pending state court proceeding and the nature of defenses open there. ... This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that

proceeding ...." Id. at 283 (internal quotations omitted).

The present declaratory judgment concerns the interpretation of coverage under an insurance contract and is purely a matter of state law. That issue will be litigated by National Casualty as a defense to Dobbs' state law equitable garnishment suit.

When a state court is in a better position to adjudicate a state law matter, permitting a federal action to proceed would be unnecessarily duplicative and uneconomical. Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000).

I find that the present declaratory judgment should be stayed pending the outcome of the state court case. See Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 797 (8th Cir. 2008) ("'where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy.'")(quoting Wilton, 515 U.S. at 288)).[2]

Any objection to a stay on the basis that this action was filed before the equitable garnishment action was filed or that the garnishment action was filed prematurely is not sufficient grounds to deny the motion to stay. National Casualty's race to this courthouse should be tempered with permitting state law issues to be timely resolved in state court based on the facts of this case. See Wilton, 515 U.S. at 280 (Supreme Court affirmed district court's stay of insurer's declaratory judgment lawsuit even though it was filed before a state court lawsuit seeking coverage).

---

[2] I note that a decision in the state court will act as res judicata in this proceeding if this case is not dismissed by the parties after resolution of the state court case. Wilton, 515 U.S. at 283.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Dobbs' motion to dismiss [#3] is

**DENIED**.

**IT IS FURTHER ORDERED that** Defendant Dobbs' motion to stay [#3] is

**GRANTED**.  The Clerk of Court shall administratively close this matter.  The parties shall notify

the Court of the resolution of the state court equitable garnishment proceeding in a timely matter.

Further Court action in this matter will be determined after such notice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2011.